≅JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
PATRICK McCOLLUM
640 American Ave., Apt. E-106
King of Prussia, PA 19406

(b) County of Residence of First Listed Plaintiff __Montgomery__
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
JAFFE & HOUGH
1907 Two Penn Cntr.
Phila., PA 19102 (215) 564-5200

## DEFENDANTS
OFFICER JOHN DOE #1
c/o City Solicitor's Office
1515 Arch St., Phila., PA 19102
County of Residence of First Listed Defendant __Philadelphia__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
unknown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
§ 1983 and § 1331
Brief description of cause:
Plaintiff claims Constitutional violations including defendants' use of excessive force.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ in excess of $150,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
None
(See instructions):
JUDGE ____    DOCKET NUMBER ____

DATE 11/24/2009
SIGNATURE OF ATTORNEY OF RECORD
Timothy R. Hough, Esq.

**FOR OFFICE USE ONLY**

RECEIPT # ____    AMOUNT ____    APPLYING IFP ____    JUDGE ____    MAG. JUDGE ____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

PATRICK McCOLLUM                                              :        CIVIL ACTION
                                                              :
            v.                                                :
OFFICER JOHN DOE #1, et al.                                   :
                                                              :        NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.              ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                             ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (x)

| 11/24/2009 | Timothy R. Hough, Esq. | Patrick McCollum |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** plaintiff |
| (215) 564-5200 | (215) 563-8729 | jafhough@aol.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 640 American Avenue, Apt. E-106, King of Prussia, PA 19406

Address of Defendant: 1515 Arch Street, Philadelphia, PA 19102

Place of Accident, Incident or Transaction: Philadelphia, PA
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☒

Does this case involve multidistrict litigation possibilities?  Yes☐  No☒

*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?  Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

**ARBITRATION CERTIFICATION**
(*Check Appropriate Category*)
I, Timothy R. Hough, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 11/24/09    _____    40898
                    Attorney-at-Law            Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/24/2009    Timothy R. Hough, Esq.    40898
                    Attorney-at-Law           Attorney I.D.#

CIV. 609 (6/08)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PATRICK McCOLLUM**<br>640 American Avenue<br>Apartment E-106<br>King of Prussia, PA 19406<br><br>v.<br><br>**OFFICER JOHN DOE #1**<br>individually and in his capacity<br>as a Police Officer for the City<br>of Philadelphia<br>c/o City Solicitor's Office<br>1515 Arch Street<br>Philadelphia, PA 19102<br>and<br>**OFFICER JOHN DOE #2**<br>individually and in his capacity<br>as a Police Officer for the City<br>of Philadelphia<br>c/o City Solicitor's Office<br>1515 Arch Street<br>Philadelphia, PA 19102<br>and<br>**OFFICER JOHN DOE #3**<br>individually and in his capacity<br>as a Police Officer for the City<br>of Philadelphia<br>c/o City Solicitor's Office<br>1515 Arch Street<br>Philadelphia, PA 19102<br>and<br>**OFFICER JOHN DOE #4**<br>individually and in his capacity<br>as a Police Officer for the City<br>of Philadelphia<br>c/o City Solicitor's Office<br>1515 Arch Street<br>Philadelphia, PA 19102<br>and<br>**CITY OF PHILADELPHIA POLICE DEPARTMENT**<br>c/o City Law Department<br>1515 Arch Street<br>Philadelphia, PA 19102<br>and | CIVIL ACTION NO.<br><br><br><br>***JURY TRIAL DEMANDED*** |

**CITY OF PHILADELPHIA**  :
c/o City Law Department  :
1515 Arch Street  :
Philadelphia, PA 19102  :

## CIVIL ACTION COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983 and under the common law of the Commonwealth of Pennsylvania.

2. This Court has jurisdiction of this action under 42 U.S.C. § 1983 and 28 U.S.C. § 1331. Plaintiff further invokes supplemental jurisdiction of this Court to hear and decide claims arising under state law.

### PARTIES

3. Plaintiff is **PATRICK McCOLLUM**, an adult individual residing at 640 American Avenue, Apartment E-106, in King of Prussia, Pennsylvania.

4. Defendant is **OFFICER JOHN DOE #1**, at all times relevant to this complaint, was and/or is a police officer with the City of Philadelphia, acting under color of state law, pursuant to either official policy, custom, or practice of the Philadelphia Police Department and/or City of Philadelphia. This defendant is being sued in both his individual and official capacity. This officer was acting in concert and conspiracy with other unknown defendant police officers.

5. Defendant is also **OFFICER JOHN DOE #2**, at all times relevant to this complaint, was and/or is a police officer with the City of Philadelphia, acting under color of state law, pursuant to either official policy, custom, or practice of the Philadelphia Police Department and/or City of Philadelphia. This defendant is being sued in both his individual and official capacity. This officer was acting in concert and conspiracy with other unknown defendant police officers.

6. Defendant is also **OFFICER JOHN DOE #3**, at all times relevant to this complaint, was and/or is a police officer with the City of Philadelphia, acting under color of state law, pursuant to either official policy, custom, or practice of the Philadelphia Police Department and/or City of

Philadelphia. This defendant is being sued in both his individual and official capacity. This officer was acting in concert and conspiracy with other unknown defendant police officers.

7. Defendant is also **OFFICER JOHN DOE #4**, at all times relevant to this complaint, was and/or is a police officer with the City of Philadelphia, acting under color of state law, pursuant to either official policy, custom, or practice of the Philadelphia Police Department and/or City of Philadelphia. This defendant is being sued in both his individual and official capacity. This officer was acting in concert and conspiracy with other unknown defendant police officers.

8. Defendant is also the **CITY OF PHILADELPHIA** a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania with an address of c/o City Law Department, 1515 Arch Street in Philadelphia, Pennsylvania

9. Defendant is also the **CITY OF PHILADELPHIA POLICE DEPARTMENT**, (hereinafter "police department") a municipal department of the County of Philadelphia, which at all times relevant was the employer of the City of Philadelphia Police Officers, with an address of c/o City Law Department, 1515 Arch Street in Philadelphia, Pennsylvania.

10. Defendant is also the **CITY OF PHILADELPHIA**, a city of the first class located in the County of Philadelphia, organized and operating pursuant to state and local laws, in its capacity as the employer of the defendant John Doe Philadelphia Police Officers, with an address of c/o City Law Department, 1515 Arch Street in Philadelphia, Pennsylvania.

## FACTS

11. It is believed and therefore averred that, at all times material hereto, the defendant John Doe Police Officers described hereafter who were involved in the altercation and assault upon the plaintiff were police officers of the City of Philadelphia and were acting in their capacities as agents, servants, workman and employees of these entities under their direction and control and were acting pursuant to either official policy or the custom, practice and usage of the City of Philadelphia's Police Department.

12. Defendant, City of Philadelphia, in this cause, acted through its agents, employees and servants who was or were the policymakers for the City of Philadelphia and for its employees including the individual police officers involved in the altercation and assault upon the plaintiff which occurred on November 25, 2007 as described more fully hereafter

13. On November 25, 2007 at approximately 2:00 a.m. the plaintiff, Patrick McCollum, was operating a motor vehicle northbound on Interstate 95 at or near the Aramingo Avenue off ramp in the City and County of Philadelphia, Pennsylvania.

14. At or about the above stated time, the plaintiff, who was late arriving home and did not want his wife to become concerned, sped up his vehicle.

15. Shortly thereafter, the plaintiff became aware that a police vehicle was following him and, because the plaintiff had been at a bar and had several glasses of wine, the plaintiff became concerned that he would be arrested for driving under the influence.

16. The plaintiff began to accelerate his vehicle and, subsequently, a police pursuit ensued between the plaintiff and several police vehicles.

17. Subsequently, the plaintiff voluntarily pulled his vehicle over to the right side of the roadway on the I-95 off ramp.

18. Shortly thereafter, a plain clothes police officer approached the plaintiff.

19. After providing his name and license number to the police officer, the plaintiff, who assumed that he would be arrested by the police officer, was told by the officer that no one gets to "flee for free' and later was told that he would be shown "what they do to people who run."

20. Shortly thereafter, upon the arrival of two additional plain clothes Philadelphia police officers, the plaintiff was thrown to the ground landing on his back along the side of the roadway whereupon the two of the three police officers began kicking the plaintiff about his body.

21. After approximately 15 to 20 minutes, a police vehicle arrived on the scene and the Philadelphia police officer who exited that vehicle joined in the assault upon the plaintiff which had escalated to include striking the plaintiff about his head.

22. After at least one of the John Doe defendant police officers involved in the altercation began rummaging through the plaintiff's personal belongings, breaking the plaintiff's glasses and attempting to dial pre-set numbers on the plaintiff's cell phone, the assault upon the plaintiff again escalated with at least one defendant officer spraying silicone into the plaintiff's mouth and another defendant officer forcing dirt into the plaintiff's mouth.

23. Following the assault upon the plaintiff as aforesaid, one of the defendant Philadelphia police officers involved told the plaintiff that, as the officer had the plaintiff's keys and personal effects, if the plaintiff told anyone about the incident, the officer would "rape plaintiff's wife and kill plaintiff's daughter."

24. After the plaintiff became upset and combative following the officer's threat, the officer then punched the plaintiff about his face until the plaintiff lost consciousness.

25. Following the attack upon the plaintiff as aforesaid, the plaintiff's vehicle was towed at the request of the police and the plaintiff was left unconscious alongside the roadway.

26. As a result of the beating, the plaintiff was ultimately taken by ambulance to Northeastern Hospital where he was treated for contusions about his head and body.

27. After the plaintiff was stopped and detained by the defendant John Doe Philadelphia police officers, he was subjected to unnecessary and unreasonable force and deprived of his liberty in violations of the civil rights guaranteed to him by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983, the application of which force was a factual cause of the injury to his person.

28.  After being subjected to the beating, the plaintiff was left alongside the roadway, without his vehicle and without his personal effects, without being charged with any criminal conduct.

29.  The foregoing actions of the John Doe Philadelphia Police Officers involved in the assault and beating of the plaintiff, constituted a violation of the plaintiff's constitutional right to be free from the use of excessive force and a violation of his right to be free from summary punishment.

30.  After the assault and battery inflicted upon him by the John Doe defendant police officers, the plaintiff suffered pain and suffering and endured humiliation and embarrassment

31.  As a direct and proximate result of the said acts, the plaintiff suffered injuries and damages including but not limited to the following:

   a) violation of his constitutional rights to be free from an unreasonable seizure under the Fourth Amendment and to be free from a deprivation of liberty under the Fourteenth Amendment;

   b) violation of his constitutional right to be free from the use of excessive force;

   c) violation of his right to be free from summary punishment;

   d) loss of physical liberty;

   e) physical pain and suffering;

   f) emotional upset and trauma;

   g) expenses incurred in the medical treatment of his condition;

   h) humiliation and embarrassment; and

   i) injury to his reputation.

All entitling him to compensatory and punitive damages as set forth below

## COUNT I

### 42 U.S.C.§ 1983 AGAINST JOHN DOE DEFENDANT POLICE OFFICERS

32. Paragraphs 1 through 31 are incorporated herein by reference as though fully set forth at length.

33. Plaintiff claims damages against defendants, Officer John Doe #1, Officer John Doe #2, Officer John Doe #3 and Officer John Doe #4, as well as other City of Philadelphia Police Officers involved in the detainment and beating of the plaintiff, Patrick McCollum, individually and in their official capacities for the injuries and damages set forth above under 42 U.S.C.§ 1983 for violation of plaintiff's constitutional rights under color of state law.

## COUNT II

### ASSAULT AND BATTERY AGAINST JOHN DOE DEFENDANT POLICE OFFICERS

34. Paragraphs 1 through 31 are incorporated herein by reference as though fully set forth at length.

35. Defendant Philadelphia Police Officers involved in the detainment and beating of plaintiff, Patrick McCollum, including but not limited to Officer John Doe #1, Officer John Doe #2, Officer John Doe #3 and Officer John Doe #4, assaulted and battered the plaintiff.

36. As a result of this assault and battery, plaintiff suffered the aforesaid injuries and damages.

## COUNT III

### FEDERAL CIVIL RIGHTS VIOLATIONS, 42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT, CITY OF PHILADELPHIA

37. Paragraphs 1 through 31 are incorporated here by reference as though fully set forth at length.

38. As a direct and proximate result of the John Doe defendant officers' conduct committed under color of state law, defendants deprived plaintiff, Patrick McCollum, of his rights privileges and immunities under the laws and Constitution of the United States, plaintiff's rights to be free from unreasonable and excessive force, unreasonable searches and seizures and false imprisonment to be secure in his person and property and to due process of law. As a result, plaintiff suffered harm in violation of his rights under the law and Constitution of the United States, in particular 42 U.S.C. § 1983.

39. As a direct and proximate result of the acts of all defendants, plaintiff sustained physical injuries.

40. It was the policy and/or custom of the defendant, City of Philadelphia and City of Philadelphia Police Department, to tolerate, condone and, through inaction, encourage the unconstitutional conduct of police officers including most especially defendant City of Philadelphia Police officers, including but not limited to the John Doe defendant police officers involved herein, who defendant knew had committed similar acts of physical violence upon individuals while acting under the authority of its office and under color of state law.

41. The City of Philadelphia has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

    a. The abuse of police powers, including but not limited to excessive force, unlawful detention, false arrest and improper searches and seizures;

    b. The failure of police officers to follow established policies and procedures regarding probable cause for arrest;

    c. Proper procedures, in the manner in which detainees are treated so that they are not subject to physical abuse at the hands of police so that: i) employees of Defendant City of Philadelphia, including the defendant officers in this case, can be properly trained, supervised and disciplined for conduct related to the performance of their duties; ii) Defendant City of Philadelphia can properly monitor the conduct and performance of their employees to assure compliance with the laws and Constitutions of the United States and the Commonwealth of Pennsylvania; and iii) citizens such as the plaintiff can determine the identities of those employees who

subject them to constitutional violations under such circumstances as presented herein and thereby seek vindication of their constitutional and statutory rights; and

d. The failure of police officers to prevent, deter, report or take action against the unlawful conduct of other officers under such circumstances as presented herein.

42. The City of Philadelphia failed to properly sanction or discipline officers, who are aware of and subsequently conceal and/or aid and abet violations of constitutional rights of citizens by other police officers, thereby causing and encouraging police, including the John Doe defendant police officers herein to violate the rights of citizens such as plaintiff's.

43. By these actions, all defendants, acting in concert and conspiracy, have deprived plaintiff of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

44. It was the policy or custom of the defendant, City of Philadelphia, to inadequately supervise and train its police officers thereby failing to adequately discourage further constitutional violations on the part of its officers/detectives.

45. The City of Philadelphia failed to properly sanction or discipline officers, who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other Philadelphia Police Officers, thereby causing and encouraging Philadelphia police, including the defendant John Doe officers in this case, to violate the rights of citizens such as the plaintiff.

46. As a result of the above described policies and customs, police officers employed by the defendant, City of Philadelphia, including but not limited to the John Doe officer defendants herein, believed their actions would not be properly monitored by supervisory officers and that their misconduct would not be investigated or sanctioned but would be tolerated.

47. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the City of Philadelphia to the constitutional rights of persons within the City of Philadelphia and were the cause of the violations of plaintiff's rights as described herein.

## COUNT IV
## 42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT, CITY OF PHILADELPHIA POLICE DEPARTMENT

48. Paragraphs 1 through 47 are incorporated here by reference as though fully set forth at length.

49. As a direct and proximate result of defendants' conduct committed under color of state law, plaintiff was deprived of his right to be free from unreasonable and excessive force, to be secure in his person and property and to due process of law. As a result, plaintiff suffered harm in violation of his rights under the law and Constitution of the United States, in particular 42 U.S.C. § 1983.

50. As a direct and proximate result of the acts of all defendants, plaintiff sustained physical injuries which caused him receive emergency room treatment at Northeastern Hospital.

51. It was the policy and/or custom of the defendant, City of Philadelphia Police Department, to tolerate, condone and, through inaction, encourage the unconstitutional conduct of police officers including most especially defendant City of Philadelphia Police Department officers involved in the detainment and assault and battery upon the plaintiff, Patrick McCollum, including but not limited to the John Doe defendant police officers named herein, who defendant, City of Philadelphia, knew had committed similar acts of physical violence upon individuals while acting under the authority of its office and under color of state law.

52. It was the policy or custom of the defendant, City of Philadelphia Police Department, to inadequately supervise and train its police officers thereby failing to adequately discourage further constitutional violations on the part of its police officers.

53. The City of Philadelphia Police Department failed to properly sanction or discipline officers, who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other Philadelphia Police Officers, thereby causing and encouraging Philadelphia police, including the John Doe defendant officers in this case, to violate the rights of citizens such as the

plaintiff.

54. As a result of the above described policies and customs, police officers employed by the defendant, City of Philadelphia Police Department, including the individual John Doe defendant police officers herein, believed their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned but would be tolerated.

55. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the City of Philadelphia Police Department to the constitutional rights of persons within the City of Philadelphia and were the cause of the violations of plaintiff's rights as described herein.

## COUNT V

### SUPPLEMENTAL STATE CLAIMS - ASSAULT AND BATTERY

56. Plaintiff incorporates by reference paragraphs 1 through 31 of his complaint.

57. The acts and conduct of the John Doe defendant officers in this cause of action constitutes assault, battery and intentional infliction of emotional distress under the laws of the Commonwealth of Pennsylvania and this Court has supplemental jurisdiction to hear and adjudicate these claims.

## COUNT VI

### SUPPLEMENTAL STATE CLAIM - FALSE IMPRISONMENT
### AGAINST DEFENDANT JOHN DOE OFFICERS

58. Plaintiff incorporates by reference paragraphs 1 through 31 of his complaint.

59. The John Doe defendant officers illegally imprisoned the plaintiff, Patrick McCollum, while subjecting him to an assault and battery.

60. As a result of this illegal imprisonment, plaintiff, Patrick McCollum, suffered damages as aforesaid.

WHEREFORE, the plaintiff requests that the Court:

a) award compensatory damages to plaintiff against the defendants jointly and severally;

b) award exemplary or punitive damages against the defendants

c) award reasonable costs and attorney's fees to the plaintiff; *and*

d) award such other relief as the Court may deem appropriate.

JAFFE & HOUGH

By:___trh4061_____
TIMOTHY R. HOUGH, ESQ.
Attorney for plaintiff
I.D. # 40898
JAFFE & HOUGH
1907 Two Penn Center Plaza
15th Street & JFK Blvd.
Philadelphia, PA 19102
(215) 564-5200