# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK MCCOLLUM, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| OFFICER JOHN DOE #1, ET AL., | : | |
| Defendants. | : | NO. 09-5622 |

**M E M O R A N D U M**

Hon. Gene E.K. Pratter  
U.S. District Court Judge

January 6, 2011

    Patrick McCollum has sued four unnamed Philadelphia police officers, as well as the City of Philadelphia and the Philadelphia Police Department, pursuant to 42 U.S.C. § 1983 and under state law, for damages arising out of an allegedly unlawful use of force by the unnamed officers during a routine traffic stop.

    The City moved for summary judgment on November 3, 2010. See Mot., Docket No. 11. Pursuant to Local Rule 7.1, Mr. McCollum's response, if any, was due by November 17, 2010. Notwithstanding the Court's Order of December 15, 2010 (Docket No. 13), which advised that the Motion would be considered unopposed if no response was received by December 25, 2010, as of the date of this Memorandum Mr. McCollum has not responded to the Motion. Because the time for response has passed, the Court considers the Motion as unopposed, but will, nonetheless, evaluate the efficacy of the Motion on its merits. For the following reasons, the Court will grant the Motion for Summary Judgment in favor of the City.

## I. Background[*]

In his Complaint, Mr. McCollum alleges that several unidentified Philadelphia police officers assaulted him during the course of a November 25, 2007 traffic stop. As recounted by Mr. McCollum, he had been speeding in the northbound lanes of Interstate 95, at or near the Aramingo Avenue off-ramp, when Philadelphia police signaled that he should pull over. A short pursuit ensued, at the end of which Mr. McCollum pulled over to the side of I-95. Mr. McCollum alleges that he was then thrown to the ground and assaulted by at least four plainclothes officers, who rummaged through his belongings, sprayed silicone in his mouth, and threatened that Mr. McCollum's wife would be raped and daughter killed were he to say anything about the incident. Mr. McCollum claims he was left unconscious at the side of the road, and that his vehicle was towed away.

Mr. McCollum contends that these actions were a violation of his constitutional right to be free from the use of excessive force and a violation of his right to be free from summary punishment. Mr. McCollum further asserts that the unidentified police officers should be found liable for assault and battery and for false imprisonment, and that both the City of Philadelphia and the Philadelphia Police Department should be liable for their failures to supervise, train, and/or discipline police officers, failures which resulted in the physical injuries and the violations of civil rights suffered by him.

---

[*] The Court uses the allegations in Mr. McCollum's Complaint for a description of the incident that led to the initiation of this lawsuit.

## II. Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id. Under Rule 56, the Court must view the evidence presented in the motion in the light most favorable to the opposing party, here, Mr. McCollum. Id. at 255.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325. After the moving party has met its initial burden, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "[A] non-moving plaintiff cannot defeat a motion for summary judgment by merely restating the allegations of the complaint, but instead must 'point to concrete evidence in the record that supports each and ever essential element in his case.'" Bleacher v. Rivers, 2007 WL 515529, at *3 (E.D. Pa. Feb. 12, 2007) (quoting Orsatti v. New Jersey State Police, 71 F.3d 480, 484 (3d Cir. 1995)). Summary judgment is appropriate if the

non-moving party fails to rebut the movant's factual presentation by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

Furthermore, when a non-moving party has failed to respond to the moving party's Motion for Summary Judgment, "summary judgment should, if appropriate, be entered against that party." See Local Rule 7.1(c); Fed. R. Civ. P. 56(c), (e). Where the moving party does not have the burden of proof on the relevant issues, an unopposed Motion for Summary Judgment is appropriately granted if the "deficiencies in the opponent's evidence [. . .] entitle the moving party to judgment as a matter of law." See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990).

### III. Discussion

Section 1983 "may give rise to municipal liability when a constitutional violation occurs as a result of a policy, regulation, or decision officially adopted by the municipality or informally adopted by custom." Benckini v. Coopersburg Police Dep't, 2004 WL 1686954, at *6 (E.D. Pa. July 27, 2004) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)). "To establish liability, the plaintiff must prove that the violation was the result of a municipal policy or custom." Green v. City of Philadelphia, 2009 WL 650240, at *4 (E.D. Pa. Mar. 13, 2009). "The existence of a policy or custom can be established by one of two ways, namely, (1) by showing that a decisionmaker possessing final authority to establish municipal policy with respect to the action issued an official statement of policy, or (2) by demonstrating custom exists when, though not authorized by law, the practices of state officials are so permanent and well settled that they

4

operate as law." Id. (citations removed).

Furthermore, a "supervising authority may be liable under § 1983 for failing to train employees 'where the failure to train amounts to deliberate indifference to the rights of persons with whom the [municipal employees] come into contact.'" Joobeen v. City of Philadelphia Police Dep't, et al., 2010 WL 844587, at *4 (E.D. Pa. Mar. 4, 2010) (citing City of Canton v. Harris, 489 U.S. 378, 388 (1989)). To establish municipal liability for an alleged failure to train, Mr. McCollum must "identify a failure to provide specific training that has a causal nexus with [his] injuries and must demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred." See Reitz v. County of Bucks, 125 F.3d 139, 145 (3d Cir. 1997).

In his Complaint, Mr. McCollum alleges that it "was the policy and/or custom of the defendant [sic], City of Philadelphia and City of Philadelphia Police Department, to tolerate, condone and, through inaction, encourage the unconstitutional conduct of police officers [. . .] who defendant knew had committed similar acts of physical violence upon individuals while acting under the authority of its office and under color of state law." Compl. ¶ 40. Mr. McCollum further alleges that the City was deliberately indifferent to the patterns, practices, customs, and need for more or different training or supervision in the areas of abuse of police powers, the failure of police to follow polices and procedures regarding probable cause for arrest, the use of physical abuse against detainees, the identification of officers who engage in physical abuse, and the failure of officers to deter fellow officers from engaging in unlawful conduct like that alleged in Mr. McCollum's complaint. Id. ¶¶ 41, 44, 45. Finally, Mr. McCollum alleges that the City failed to sanction or discipline officers such that officers believed their unlawful

5

actions would not be monitored but instead would be tolerated. Id. ¶¶ 42, 46.

In its Motion for Summary Judgment, the City argues that Mr. McCollum has adduced no evidence that the City exhibited deliberate indifference to his constitutional rights through a custom, policy or practice, and as such summary judgment must be entered in the City's favor. Specifically, the City contends that Mr. McCollum "has developed no evidence that the City of Philadelphia had a 'pattern or practice' of violating citizens' rights under the fourth amendment" and that he "has developed no scienter-like evidence of a conscious decision or deliberate indifference of a high-level official to the constitutional rights of citizens." Mot. at 6. In arguing that Mr. McCollum has adduced neither evidence of a City policy or custom that caused his harm nor evidence of a failure to train police officers that might show deliberate indifference of the City to Mr. McCollum's constitutional rights, the city has met its "initial burden" of "pointing out . . . that there is an absence of evidence to support the non-moving party's case." See Celotex, 477 U.S. at 325.

Mr. McCollum has not responded to the City's Motion. He has failed to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). He has presented no evidence from which the Court might determine that a genuine issue of material fact exists regarding whether the City had a policy or practice of condoning constitutional violations by its police officers. Mr. McCollum has also presented no evidence from which the Court might determine that a genuine issue of material fact exists as to whether the City failed to train its officers regarding the reasonable use of force or regarding a requirement that officers intercede when other officers engage in constitutional violations. Absent the presentation of any such evidence or facts by Mr. McCollum, he cannot sustain his burden of proof, and the City's Motion

6

for Summary Judgment must be granted.

In addition to granting summary judgment for the City, the Court notes that "[i]n Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity." DeBellis v. Kulp, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001). As such, the Court must dismiss the Philadelphia Police Department as "a matter of law because the police department [is] not [a] legal entit[y] separate from the City of Philadelphia." Gremo v. Karlin, 363 F. Supp. 2d 771, 780 (E.D. Pa. 2005) (citing Baldi v. City of Philadelphia, 609 F. Supp. 162, 168 (E.D. Pa. 1985)). Therefore, the claims asserted by Mr. McCollum against the named defendant City of Philadelphia Police Department are hereby dismissed.

An appropriate Order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E. K. PRATTER
UNITED STATES DISTRICT JUDGE